IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RHONDA REIBER, Administrator of the Estate of Chad Gesin, Deceased, | 4:15-CV-3023 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| COUNTY OF GAGE, NEBRASKA, et al., | |
| Defendants. | |

This matter is before the Court on its own motion, pursuant to the Court's Memorandum and Order of March 30, 2016 (filing 26), ordering the plaintiff to show cause why the unnamed defendants should not be dismissed. The Court finds that cause has not been shown. The Court will, therefore, dismiss those defendants, and remand the plaintiff's remaining claims to state court.

To begin with: in its Memorandum and Order, the Court noted the presence of unnamed parties, over a year after the plaintiff's complaint had been filed. Filing 26 at 9-10; *see* filing 1-1. The Court gave the plaintiff until April 29, 2016, to show cause why those unserved defendants should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to serve process. That deadline has passed, and the plaintiff has not responded to the Court's order.

The record does reflect that "Unknown Employees of the Gage Co. Sheriffs Ofc., In Their Ind. Capacities" were purportedly served with a copy of the complaint, before the case was removed to federal court, by certified mail sent to the Gage County Sheriff's Office. Filing 1-1 at 22, 25-26. That is insufficient service. Serving an individual within a judicial district within the United States may be done by

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
 (A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(e). But even assuming that serving "unknown employees" could somehow be reasonably calculated to give notice of the action, mailing it to the workplace does not satisfy any of the methods for serving process set forth in Rule 4(e)(2). *See*, *Wright v. City of Las Vegas*, 395 F. Supp. 2d 789, 798-99 (S.D. Iowa 2005); *Scherer v. United States*, 241 F. Supp. 2d 1270, 1281-82 (D. Kan. 2003); *Love v. Hayden*, 757 F. Supp. 1209, 1211-12 (D. Kan. 1991). Nor would it satisfy the requirements of Nebraska law. *See*, Neb. Rev. Stat. § 25-508.01(1); *Anthony K. v. State*, 855 N.W.2d 802, 811 (Neb. 2014).

In sum, service of process has not been effected within 120 days as required (when this case was initiated) by Rule 4(m), and the plaintiff has not shown cause why that time should be extended. *See*, *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709 (8th Cir. 2008); *Freeman v. Busch*, 349 F.3d 582 (8th Cir. 2003). The unnamed defendants will be dismissed.

That means that the only claims remaining in this case are the plaintiff's state-law negligence claims against Gage County and Gustafson. *See* filing 26 at 8-9. The Court *may* continue to exercise supplemental jurisdiction over those claims. *See*, 28 U.S.C. § 1367(a) and (c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009). But the Court can also remand those claims to state court. *See*, § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). The Court has "broad discretion in determining whether to exercise supplemental jurisdiction[,]" *Crest Const. II, Inv. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011), even after issues have been briefed and some discovery completed, *D.J.M. ex rel. D.M. v. Hannibal Pub. Sch. Dist. No. 60*, 647 F.3d 754, 767 (8th Cir. 2011)—and, in fact, where "resolution of the remaining claims depends solely on a determination of state law, the Court *should* decline to exercise jurisdiction." *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (emphasis supplied) (quotation and citations omitted).

In making that determination, the Court must consider factors such as judicial economy, convenience, fairness, and comity. *Id.*; *see Wilson v. Miller*, No. 15-1415, 2016 WL 1621952, at *6 (8th Cir. Apr. 25, 2016). But "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine will point toward declining to exercise jurisdiction over the remaining state-law claims." *Wilson*, 2016 WL 1621952, at *6; *Williams v. Hobbs*, 658 F.3d

842, 853 (8th Cir. 2011) (quotation and citations omitted). Comity is particularly significant in this case because, at least according to the defendants, there are unsettled questions of state tort law here. *See* filing 14 at 24-25.¹ And the Court finds no other factor that distinguishes this case from the usual case. *See Wilson*, 2016 WL 1621952, at *6. Accordingly, the Court will decline to exercise supplemental jurisdiction, and will remand the plaintiff's state-law claims to state court.²

IT IS ORDERED:

1. The plaintiff's claims against "Unknown Employees of the Gage County Sheriff's Office, in their Individual Capacities" are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

2. The "Unknown Employees of the Gage County Sheriff's Office, in their Individual Capacities" are dismissed as parties.

3. This case is remanded to the District Court for Gage County, Nebraska.

4. The Clerk of the Court shall stay remand of this case to state court for 30 days from the date of this order.

5. The Clerk of the Court is directed to set a case management deadline of June 7, 2016, with the following docket text: check for notice of appeal from remand order.

6. This case is closed.

---

¹ The Court has rejected their argument. *See* filing 26 at 8-9. But the defendants are in no position to contend that state law is uncertain for substantive purposes and claim otherwise for jurisdictional purposes.

² The Court notes, for the parties' convenience, that such a remand order is appealable. *Carlsbad Tech., Inc.*, 556 U.S. at 641. The Court will, unless notified by all remaining parties that they wish to expedite remand to state court, stay its transmittal of the case for 30 business days to permit sufficient time for an appeal. *See* Fed. R. App. P. 4(a)(1)(A) and (7)(A)(i); *see also Fed. Home Loan Mortgage Corp. v. Grantz*, 568 F. App'x 482, 483 (8th Cir. 2014) (citing *Chestnut v. People of State of New York*, 86 S. Ct. 940 (1965)); *cf. In re Nine Mile Ltd.,* 673 F.2d 242, 243-44 (8th Cir. 1982).

Dated this 5th day of May, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge